IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY N. JACOBSON,

    Plaintiff,

    v.

DEPARTMENT OF THE ARMY BOARD FOR CORRECTION OF MILITARY RECORDS,

    Defendant.

_____/

Case No. 2:12-cv-1200 LKK DAD PS

FINDINGS AND RECOMMENDATIONS

    Plaintiff Bobby Jacobson is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    Plaintiff, however, has submitted an incomplete in forma pauperis application. Moreover, even if plaintiff had submitted a complete in forma pauperis application that made the showing required by 28 U.S.C. § 1915(a)(1), a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of

1

the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

In his complaint plaintiff alleges as follows. Plaintiff is a veteran of the Korean War and sustained a combat related injury. (Compl. (Doc. No. 1) at 1.[1]) However, plaintiff received an "undesirable discharge" from the Army pursuant to a court martial. (Id.) Plaintiff's discharge did not reflect that he had been injured during combat. (Id. at 2.) Plaintiff twice filed an application with the Army Board for Corrections of Military Records asking that they correct his service record to reflect his combat injury and award him a discharge upgrade and a Purple Heart medal. (Id.) Both of his applications in this regard were denied. (Id.)

Plaintiff's complaint, however, also refers to a prior lawsuit he filed in this court in 2008 against the same defendant. See Bobby N. Jacobson v. Department of The Army Board For Correction of Military Records, 08-cv-1828 GGH PS. Plaintiff has attached to his complaint filed in this action an order issued by Magistrate Judge Gregory Hollows in the earlier-filed action. In that earlier order, Judge Hollows granted summary judgment in defendant's favor with respect to plaintiff's claim that he should have received a Purple Heart medal and an upgraded

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  discharge as a result of the combat injury he suffered.  (Compl. (Doc. No. 1) at 30.)  That is the
2  very same claim alleged against the same defendant in the complaint now pending before the
3  court in this action.
4         The doctrine of res judicata governs "[t]he preclusive effects of former litigation."
5  Hiser v. Franklin, 94 F.3d 1287, 1290 (9th Cir. 1996) (citing Migra v. Warren City School Dist.
6  Bd. Of Educ., 465 U.S. 75, 77 n. 1 (1984).  "Res judicata applies when 'the earlier suit . . . (1)
7  involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the
8  merits, and (3) involved identical parties or privies.'"  Mpoyo v. Litton ElectroOptical Systems,
9  430 F.3d 985, 987 (9th Cir. 2005) (quoting Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir.
10 2002)).
11         The court looks at four criteria to determine whether "two suits involve the same
12 claim or cause of action . . . (1) whether the two suits arise out of the same transactional nucleus
13 of facts; (2) whether rights or interests established in the prior judgment would be destroyed or
14 impaired by prosecution of the second action; (3) whether the two suits involve infringement of
15 the same right; and (4) whether substantially the same evidence is presented in the two actions."
16 Mpoyo, 430 F.3d at 987 (citing Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 921 (9th Cir.
17 2003)).
18         Here, plaintiff seeks to present the same claim against the same defendant named
19 in his previous action filed in 2008 with this court, in which summary judgment was granted in
20 defendant's favor.  The granting of summary judgment in favor of the defendant in that earlier
21 action is considered a final judgment on the merits for res judicata purposes.  Mpoyo, 430 F.3d at
22 988.  Accordingly, plaintiff's complaint that is now pending before the court is barred by the
23 doctrine of res judicata and should be dismissed.
24         The court has carefully considered whether plaintiff may amend his complaint to
25 state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend
26 include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v.

1  Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm.
2  Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while
3  leave to amend shall be freely given, the court does not have to allow futile amendments).  In
4  light of the obvious deficiency noted above, the court finds that it would be futile to grant
5  plaintiff leave to amend.

6        Accordingly, IT IS HEREBY RECOMMENDED that:

7        1.  Plaintiff's May 3, 2012 application to proceed in forma pauperis (Doc. No. 2)
8  be denied;

9        2.  Plaintiff's May 3, 2012 complaint (Doc. No. 1) be dismissed without leave to
10  amend; and

11        3. This action be closed.

12        These findings and recommendations will be submitted to the United States
13  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
14  fourteen (14) days after being served with these findings and recommendations, plaintiff may file
15  written objections with the court.  A document containing objections should be titled "Objections
16  to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
17  objections within the specified time may, under certain circumstances, waive the right to appeal
18  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19  DATED: October 25, 2012.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25  DAD:6
Ddad1\orders.pro se\jacobson1200.ifp.den.f&rs

4